UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP, JR.,

        Petitioner ,

v.

KENNETH T. McKEE,

        Respondent.
_____/

Case No. 1:02-CV-499

HON. RICHARD ALAN ENSLEN

**OPINION**

    This matter is before the Court on Petitioner's Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 20, 2005. Said Report recommended the denial of Petitioner's Petition for Writ of *Habeas Corpus*. This Court now reviews the Report, the Objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636. Upon such review, the Court finds that the Report and Recommendation should be adopted and the Petition dismissed.

    Petitioner asserts eight objections to the Report which essentially reiterate the arguments in his original Petition. Petitioner's first objection asserts that he has not procedurally defaulted his claims. (Objs. at 1-2.) The Report states that "Petitioner has not procedurally defaulted his claims." (Report at 17.) Therefore, Petitioner's objection will be denied as unnecessary.

    Petitioner's second objection asserts there was insufficient evidence to show that his actions were premeditated and support his conviction for first degree murder.[1] (Objs. at 2.) Petitioner relies

---

[1] Following a bench trial, Petitioner was convicted of first degree murder for killing Freddie Campbell. (Trial Tr., Jan. 24, 1996 at 113.)

on *People v. Plummer*, 581 N.W.2d 753, 757 (Mich. App. 1998) in support of this objection. However *Plummer* held that "[a] pause between the initial homicidal intent and the ultimate act may, in the appropriate circumstances, be sufficient for premeditation and deliberation." *Plummer*, 581 N.W.2d at 757(citing *People v. Tilley*, 273 N.W.2d 471 (Mich. 1979). In his statement to the police regarding the assault, Petitioner stated:

> When Keebler went back to the couch to put the gun under the pillow, I felt like he had went too far even just pull it out. And I was already thinking to myself, if he turned his back or put the gun back I was gonna grab him or hit him or do something. But I knew I was going to get him for pulling the gun out. While he was bending over the couch that's, when I hit him with the wood pole. He kept moving like he was trying to reach for the gun. It was in between the couch pillow and the back of the couch. I kept hitting him. He was trying to get away and he stumbled to the front door and stopped hitting him. And when he got to the door I ran and hit him some more and he fell down by the window. That's when I went into the kitchen and got the knife.
>
> When I came back he was trying to get up and I cut his throat. I just went to the work I just went to work with the knife, and I don't know where else I might have cut him.

(Trial Tr., Jan. 24, 1996 at 174-82 (emphasis added).) Upon review, the Court determines that the evidence as reviewed under the *Jackson v. Virginia*, 443 U.S. 307 (1979) standard in the light most favorable to the prosecution demonstrates Petitioner's actions were planned and intentional. Therefore, Petitioner's objection will be denied.

Petitioner also asserts that the prosecution did not present evidence negating a defense of mental insanity. (Objs. at 3.) Petitioner has included the trial docket which indicates that he filed a "Notice of Defense of Insanity" less than thirty days before trial. (*See* Pet.'s Ex.1 at 3.) A thirty day notice of an insanity defense is required by M.C.L. § 768.20a(1). Therefore, the prosecution was not required to present evidence negating such a defense. Petitioner's objection will be denied.

2

Petitioner's third objection asserts that his confession was coerced. (Objs. at 6.) The evidence shows that Petitioner was advised of and understood his rights, that he was not threatened, abused or "promised favorable treatment in exchange for [his] statement" and that he desired to "give a voluntary statement regarding the fatal assault and stabbing of Freddie Campbell." (*See* Trial Tr. at 174-82.) Upon review, the Court finds no evidence from which a reasonable person could conclude that Petitioner was coerced into making statements to the police. Therefore, Petitioner's objection will be will be denied.

Petitioner's fourth objection asserts that his prior conviction for gun possession should not have been admitted. (Objs. at 7-8.) Generally, habeas relief is only warranted on matters of admission or exclusion of evidence if the petitioner can demonstrate "actual prejudice" resulting from a constitutional error. *See Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Upon review, the Court determines that Petitioner has not made such a demonstration. The evidence was offered for the proper and limited purpose of refuting testimony that Petitioner feared guns. (Trial Tr., Jan. 24, 1996 at 125-26.) The Court determines that admission of the prior conviction was proper. Therefore, Petitioner's objection will be denied.

Petitioner's fifth objection asserts that he was denied a fair trial because Barbara Joinder was not called to testify on Petitioner's behalf. (Objs. at 9.) The only evidence submitted in support of Petitioner's claim that Joinder would have given favorable testimony is an affidavit of Petitioner stating that Joinder would testify she saw the victim point his gun at Petitioner. (Objs., Ex. 2.) Petitioner submits no affidavit of Joinder as to what her testimony would be. Furthermore, the Court finds that even if she had testified on Petitioner's behalf, there is no indication that her testimony

would have affected the outcome of the trial in light of the other evidence. Therefore, Petitioner's objection will be denied.

Petitioner's sixth objection asserts that the state court lacked jurisdiction under state law to conduct his criminal trial. (Objs. at 11.) Since such a claim is a matter of state law, it is not cognizable in a federal habeas corpus proceeding. *See Strunk v. Martin*, 2001 WL 1450740 at *2 (6th Cir. 2001). Therefore, Petitioner's objection will be denied.

Petitioner's seventh objection asserts the Report incorrectly found five asserted grounds of ineffective assistance of counsel to be meritless. Specifically, Petitioner asserts that his trial counsel failed to render constitutionally adequate assistance by: (1) failing to request a continuance to prepare for an evidentiary hearing, (2) failing to assert an insanity defense, (3) failing to object to the introduction of Petitioner's previous conviction for carrying a concealed weapon, (4) failing to request a continuance so Dr. Shappell could perform further testing, and (5) failing to advise Petitioner of his right to testify. Upon review, the Court determines that Petitioner has failed to meet the standard for determining if counsel's performance was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner failed to establish that his counsel was ineffective or that Petitioner suffered a violation of his constitutional rights. Therefore, Petitioner's objection will be denied.

Petitioner's final objection asserts that he received ineffective assistance of appellate counsel for failing to raise the above claims of ineffective assistance of trial counsel. Having found those claims to be meritless, this Court determines that it was not ineffective assistance of appellate counsel for failing to assert those clams. Therefore, Petitioner's objection will be denied.

Furthermore, for these reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Final Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

A Final Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    August 19, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |